UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA


IN RE:

ERIC E. LAMPMAN and                                       Chapter 13
ANN M. LAMPMAN

    Debtors.                                  Bankruptcy No. 04-04339F


MEMORANDUM DECISION RE: CONFIRMATION

    Debtors seek confirmation of their amended chapter 13 plan filed November 18, 2005.  Trustee objects.  Hearing on confirmation was held January 12, 2006 in Fort Dodge.  Joseph E. Halbur appeared as attorney for debtors Eric and Ann Lampman.  Carol F. Dunbar appeared as trustee.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

    Lampmans' amended plan (docket no. 40) proposes to pay the trustee $150.00 per month for 36 months.  The payments amount to $5,400.00 over the term of the plan.  The trustee's fee would be $490.91, leaving $4,909.09 for distribution to creditors under the plan.  Lampmans have scheduled two creditors holding secured claims.  One is the mortgagee on their home.  Lampmans say they are current in their mortgage payments, and, notwithstanding section 7(e) of the amended plan, they propose to pay their monthly payments directly to the mortgagee.  The other secured creditor is Tractor Supply Company which Lampmans scheduled as having a security interest in a lawnmower.  Also notwithstanding section 7(e) of the amended plan, they do not propose any payment to the creditor on account of its secured claim, either directly or through the trustee.

Because the Lampmans do not propose any payments to secured creditors through the trustee, the $4,909.09 available for distribution by the trustee, would be distributed to creditors holding allowed unsecured claims. Lampmans schedule unsecured debt in the amount of $89,947.80 plus an estimated unsecured component of $1,268.00 on their debt to Tractor Supply Company. The company has not filed a claim. Debtors' scheduled unsecured debt, therefore, totals $91,215.80. The claims deadline in this case was August 9, 2005. Seven claims were filed by unsecured creditors; they aggregate $37,886.79. The creditors which have filed claims would receive approximately 13 per cent of their allowed claims ($4,909.09 divided by $37,886.79).

Trustee Carol F. Dunbar objects to the amended plan for two reasons--(1) that it does not propose to apply to the plan all of debtors' disposable income received during the plan's three-year period, and (2) in arriving at their monthly payment under the plan, all of debtors' monthly expenses are not reasonable or necessary. Lampmans orally modified the amended plan at the confirmation hearing to cure the first objection. The only remaining objection is whether debtors' proposed monthly payment is insufficient because their monthly expenditures are excessive.

In objecting to debtors' monthly plan payment, the trustee focuses on recreational expenses of $225.00 per month and satellite television service of $79.88 per month. These expenses total $304.88. Debtors' exhibit 2 breaks down the monthly recreational

2

expenses into the following:

| | |
|---|---:|
| night out with children, once per month (dinner, bowling and snacks) | $ 65.00 |
| night out without children, once per month (dinner, movie, babysitter) | 93.00 |
| hunting, fishing and camping expenses | 20.00 |
| family admission to high school sports events (tickets and snacks) | 20.00 |
| state fair or Adventureland trip, once per year | <u>20.00</u> |
| total monthly: | <u>$218.00</u> |

The cost of satellite television reception is $79.88 per month. Debtors live in Arcadia, Iowa. They say they are unable to receive over the air reception on a conventional television antenna. Cable television service is available in the town. Debtors' home is served by underground utility services. They do not know the cost of installation for cable. Debtors provided no information on whether their current monthly satellite charge is the lowest cost plan available from the satellite company.

The recreational expenses and the satellite service total $297.88 per month. As previously stated, the court may confirm the plan over the objection of the trustee only if debtors propose to apply their projected disposable income to plan payments over three years. 11 U.S.C. § 1325(b)(1)(B) (as applicable to cases filed prior to October 17, 2005). In arriving at projected disposable income, debtors' expenses must be reasonable and necessary. 11 U.S.C. § 1325(b)(2)(A). Trustee contends they are not. I agree.

Completion of a chapter 13 plan would confer on debtors a great

benefit. They would discharge or have disallowed unsecured debt in excess of $90,000.00. In order to obtain this benefit, they propose monthly payments of $150.00 for three years. However, during the same period, they propose to spend $297.88 per month for recreation, nearly twice the amount of their plan payment. This is out of balance and unfair to creditors. The recreational expenses are not shown to be reasonable or necessary. Debtors' children are ages eight and four. There has been no showing that the children can be entertained or can benefit only from family activities at a monetary cost. Although I recognize that some recreational expense should be permitted to a family, even while in bankruptcy, the amount which debtors propose to spend is excessive in comparison to the benefit to them in discharging debt and the amount they propose to pay to creditors to achieve that benefit.

The amended plan will not be confirmed. This case will be dismissed unless within 10 days of the date of this order, debtors request an opportunity to file a modified plan. If they file a modified plan, and all other facts remain the same, I would approve as reasonable no more than $100.00 per month in recreational expenses and no more than $45.00 per month for satellite or cable television reception.

IT IS ORDERED that the objection of the trustee is sustained. Confirmation of debtors' amended chapter 13 plan is denied. Unless debtors, within 10 days of the date of this order, seek permission to file a modified plan, the case will be dismissed. Judgment shall

4

enter accordingly.

DATED AND ENTERED: January 17, 2006

William L. Edmonds, Bankruptcy Judge